FILED
United States Court of Appeals
Tenth Circuit

February 24, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RICKY J. MANN,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant-Appellee.

No. 08-1084
(D.C. No. 1:06-CV-02015-MSK)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **O'BRIEN**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

     As of January 26, 2001, Ricky J. Mann was adjudicated disabled and

awarded benefits. This case involves an earlier application for Social Security

disability insurance and supplemental security income benefits for a closed period

of disability from July 17, 1999, through January 25, 2001. Mann appeals from

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the district court's oral ruling affirming the Commissioner's denial of benefits only for that temporally finite period.

In December 1996, Mann suffered an on-the-job injury. He applied for benefits in the fall of 1999, alleging an inability to work since July 17, 1999, due to back, neck, and shoulder pain; headaches; numbness and tingling in both arms; pain radiating into both arms from his neck; pain radiating into both legs; and constant pain and stiffness. The agency denied his applications initially and on reconsideration, and on January 25, 2001, the ALJ issued a decision denying benefits. Mann submitted additional evidence, and on September 28, 2001, the ALJ issued an amended decision denying benefits. The Appeals Council considered both decisions and denied Mann's request for review. He then sought judicial review, and the district court remanded the case for further administrative proceedings. After the remand, the ALJ held a hearing and, on April 13, 2006, denied benefits at step four of the applicable five-step sequential evaluation process. *See Williams v. Bowen*, 844 F.2d 748, 750-52 & 751 n.2 (10th Cir. 1988) (describing five-step process and explaining that at steps one through four the claimant bears the burden of establishing a prima facie case of disability). The ALJ concluded Mann suffered from severe impairments (degenerative disc disease of the cervical and thoracic spine, hypertension, and Hepatitis C), but that his residual functional capacity during the relevant time period "did not prevent him from performing his past relevant work." Aplt. App., Vol. II at 398. The ALJ

also found Mann "not entirely credible." *Id.* at 392. The Appeals Council denied

Mann's request for review. This appeal followed the district court's oral ruling

affirming the agency decision.[1]

Mann raises the same issues here as raised in the district court, *viz.*: (1) the

ALJ did not apply the correct legal standards in evaluating the opinion of treating

physician Jennifer Pentecost; (2) substantial evidence does not support the ALJ's

determination that Mann's subjective complaints were not entirely credible; and

(3) the ALJ did not apply the correct legal standards in concluding that Mann

could perform his past relevant work.

> We review the Commissioner's decision to determine whether
> the factual findings are supported by substantial evidence in the
> record and whether the correct legal standards were applied.
> Substantial evidence is such relevant evidence as a reasonable mind
> might accept as adequate to support a conclusion. It requires more
> than a scintilla, but less than a preponderance. We consider whether
> the ALJ followed the specific rules of law that must be followed in
> weighing particular types of evidence in disability cases, but we will
> not reweigh the evidence or substitute our judgment for the
> Commissioner's.

*Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations

omitted).

Mann's arguments fail. In an remarkably well-reasoned oral ruling, the

district judge thoroughly analyzed and rejected each of Mann's challenges to the

ALJ's decision using the same standard that governs our review. We cannot

---

[1] Our jurisdiction arises under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

improve upon her excellent summary and analysis and, therefore, adopt it. The Commissioner's conclusion that Mann was not disabled between July 17, 1999, and January 25, 2001, was the product of a correct application of the law and supported by substantial record evidence.

We AFFIRM the judgment of the district court for substantially the same reasons as stated in its January 29, 2008, oral ruling.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-4-